**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.  **CV 24-4661-JFW(AGRx)** | Date:  November 22, 2024 |

Title:     Nicholas Tomaszewski -v- AIG Property Casualty Company, et al.

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

          **Shannon Reilly**                                              **None Present**
          **Courtroom Deputy**                                       **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                                      None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED**

          Based on the Declaration of Daniel Eli in Support of Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings Per Federal Rule of Civil Procedure 12(c), filed November 4, 2024 (Docket No. 32-1) ("Eli Decl."), Defendant AIG Property Casualty Company ("Defendant") failed to comply with this Court's Standing Order.  On July 17, 2024,  Plaintiff Nicolas Tomaszewski ("Plaintiff") propounded requests for production on Defendant.  Eli Decl., ¶ 2.  However, Defendant failed to respond to Plaintiff's requests for production within the requisite thirty days.  Eli Decl., ¶ 3.  Instead, when Plaintiff's counsel met and conferred with defense counsel regarding Defendant's failure to timely respond, defense counsel "took the position that the [S]tanding [O]rder did not permit pre-Rule 26(f) discovery," and claimed that discovery did not open until after the Rule 26(f) conference, which took place on September 3, 2024.  Eli Decl., ¶ 4.  Indeed, in Defendant's Reply in Support of Defendant's Motion for Judgment on the Pleadings Per Federal Rule of Civil Procedure 12(c), filed November 8, 2024 (Docket No. 33) ("Reply"), Defendant, despite arguing that it has "fully complied with its discovery obligations and this Court's [S]tanding [O]rder" (Reply, 5:1-2), tacitly admits that it has failed to comply with this Court's Standing Order when it argues that:

> Plaintiff served requests for production before the parties' Rule 26(f) conference.  Under Federal Rule of Civil Procedure 26(d)(2)(B), absent a motion to conduct early discovery, Plaintiff's discovery was "considered to have been served at the first Rule 26(f) conference."  AIGPC served its discovery responses 29 days later, complying with Federal Rule of Civil Procedure 34.  *See* Fed. R. Civ. P. 34(b)(2)(A) (parties must respond "within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference.").

Reply, 5:2-9.  However, paragraph 4(b) of the Court's Standing Order clearly states that "Counsel

shall begin to actively conduct discovery ***before*** the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery." *See* Standing Order (Docket No. 9), ¶ 4(b) (emphasis added).  In addition, defense counsel's argument in his September 3, 2024 email to Plaintiff's counsel that the Court's Standing Order "only authorizes the service of early discovery," but does not authorize or mandate responses to early discovery until after the Rule 26(f) conference is, at best, disingenuous.  *See* Exh. B to the Eli Decl.

Accordingly, the Court orders Defendant to show cause, in writing, on or before **November 27, 2024**, why Defendant should not be sanctioned in the amount of $2,500 for Defendant's failure to comply with this Court's Standing Orders.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the issuance of sanctions.

IT IS SO ORDERED.